IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JULIAN RAMIREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 5:22-CV-250-H-BQ |
| v. | § | |
| | § | (Consolidated with 5:22-CV-259-H) |
| | § | |
| ROBERTO GARCIA and KELLY ROWE, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE[1]**

Pro se Plaintiff Julian Ramirez filed this action under 42 U.S.C. § 1983, claiming violations of his constitutional rights during a May 14, 2020 use of force incident at the Lubbock County Detention Center (LCDC). Questionnaire 1, ECF No. 12; *see* ECF Nos. 1, 2, 7, 9. Ramirez's pleadings plainly show he filed his claims more than two years after the alleged incident, and after having been provided an opportunity to supplement his complaint, he has not pleaded any facts demonstrating his claims should be tolled. The undersigned therefore recommends that the United States District Judge dismiss with prejudice Ramirez's claims as barred by the statute of limitations.

### I.    Standard of Review

Section 1915(e) requires dismissal of an IFP complaint *at any time* if the court determines the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or

---

[1] The United States District Judge automatically referred this case to the undersigned United States Magistrate Judge for pretrial management, including preliminary screening in accordance with 28 U.S.C. § 1915. ECF No. 3.

seeks monetary relief from a defendant who is immune from such relief.[2]  28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see Newsome v. E.E.O.C.*, 301 F.3d 227, 231–33 (5th Cir. 2002) (per curiam) (affirming dismissal of pro se, non-prisoner plaintiff's claims as frivolous and for failure to state a claim under § 1915(e)(2)(B)(i) and (ii)). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327. When analyzing a pro se plaintiff's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated records. *See, e.g., Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (noting responses given to a questionnaire are incorporated into the plaintiff's pleadings); *see also Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (per curiam) (holding that courts may dismiss prisoners' in forma pauperis claims as frivolous based on "medical and other prison records if they are adequately identified or authenticated" (internal quotation marks omitted)).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief

---

[2] Although Ramirez's claims relate to an incident that occurred while he was incarcerated, Ramirez was not a prisoner at the time he filed this case. *See* ECF No. 1. Nevertheless, Ramirez is proceeding *in forma pauperis* (ECF No. 9); therefore, the screening provisions of § 1915 apply.

above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. Discussion

### A. Procedural History

Ramirez contends that on May 14, 2020, LCDC Officer Roberto Garcia used excessive force. ECF No. 1, at 1;[3] Questionnaire 2. On September 2, 2022, while still incarcerated in LCDC, Ramirez mailed his first § 1983 complaint, but the Court did not receive it until October 4, at which point the Clerk docketed it as document number 1 in case number 5:22-cv-259 [hereinafter, Complaint I].[4] *See* Compl. I 1, 5, 10. In the meantime, Ramirez was apparently released from LCDC, and he came to the Clerk's Office to verify that the Court had received Complaint I. Questionnaire 3. The Clerk informed Ramirez that the Court had not received Complaint I, so Ramirez filed a second complaint on September 27, 2022, which the Clerk docketed as document number 1 in this case, 5:22-cv-250-H-BQ [hereinafter, Complaint II]. *See id.*; Compl. II 1.

Thereafter, the district judge reviewed Complaints I and II and concluded that "both actions involve the same parties and claims." ECF No. 8, at 2. In accordance with FED. R. CIV. P. 42(a), the district judge consolidated the two cases and transferred all pleadings in case 5:22-cv-259-H to this case. *Id.* This case was designated as the lead case (*see* N.D. TEX. LOC. CIV. R. 42.1), and case 5:22-cv-259-H was administratively closed. ECF No. 8, at 2.

---

[3] Page citations to Ramirez's complaints refer to the electronic page number assigned by the Court's electronic filing system.

[4] Under the "prison mailbox rule," courts consider an inmate's pro se pleading filed when it is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (per curiam); *see also* ECF No. 8, at 1 n.1 (acknowledging same and citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)). Ramirez does not indicate when he provided Complaint I to prison officials, but he dated it September 2 (Compl. I 5, 10), and the envelope is postmarked September 8, 2022. *Id.* at 11. The Court therefore considers it filed on the date most favorable to Ramirez—September 2. *Essett v. Hous. Police Dep't*, No. H-21-0653, 2021 WL 1721867, at *2 n.7 (S.D. Tex. Apr. 30, 2021) (treating the day the prisoner signed his complaint as the filing date); *Darby v. Dall. Cnty. Sheriff*, No. 3:06-CV-1928-K(BH), 2007 WL 2428582, at *3 & n.5 (N.D. Tex. Aug. 24, 2007) (deeming plaintiff's complaint filed on the date he signed it).

3

The undersigned then reviewed Ramirez's Complaints and ordered him to complete a questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976). ECF Nos. 10, 11. Ramirez completed and returned the questionnaire. ECF No. 12.

### B. Ramirez's Allegations

Ramirez asserts claims against two Defendants: (1) Officer Garcia; and (2) Lubbock County Sheriff Kelly Rowe. Compl. II 1; Compl. I 1, 3. Ramirez contends that on May 14, 2020, Officer Garcia "gruesomely attacked [him] in an aggravated manner, with the intent to cause [him] serious & or deadly injury." Compl. II 1; *see* Compl. I 4.[5] During the alleged use of force, Ramirez asserts he fell to the ground, and Officer Garcia kicked him in "the temple region" using his steel-toed boot. Questionnaire 1; *see* Compl. II 1; Compl. I 4. After the incident, Ramirez contends LCDC officials "rushed [him] to the emergency room where [he] received numerous stitches to reconnect the gaping wound" to his left temple. Compl. II 2 (cleaned up); *see* Compl. I 4. Ramirez asserts a violation of his constitutional rights because Officer Garcia "allowed himself" to use his skills as a "trained fighter" to cause "serious bodily injury" and "attempted murder." Compl. II 1–2; Questionnaire 1.

As to his claims against Sheriff Rowe, Ramirez asserts that Rowe "is equally guilty in this wrongdoing" because he "allow[ed] a professional fighter/weapon to work" at LCDC "without proper checks & balances . . . to mental instabilities." Compl. II 2 (cleaned up); *see* Compl. I 3–4. Ramirez alleges that Sheriff Rowe is responsible for "maintain[ing] a . . . safe environment for both jailer[s] & inmate[s]" and "should maintain a high[er] standard." Compl. II 2.[6] That is,

---

[5] In Complaint I, Ramirez states the incident occurred May 12 (Compl. I 4), but in Complaint II and in his questionnaire responses, he explains that he believes the date was May 14, 2020. Questionnaire 2.

[6] Ramirez asserts that Rowe has "allow[ed] this misconduct to occur time & time again" and the May 14 incident was not the "[first] time [Officer] Garcia assaulted inmate[s]." Questionnaire 1.

Ramirez contends that due to Sheriff Rowe's status as "top chief in charge," Rowe "should accept liability & responsibility" for Officer Garcia's actions. Questionnaire 1.

Not all parties have consented to proceed before the undersigned magistrate judge. In accordance with the order of referral, the undersigned makes the following findings and conclusions and recommends that the district judge dismiss with prejudice Ramirez's claims as barred by the statute of limitations.

### C. The district judge should dismiss Ramirez's claims as time-barred.

*1. Ramirez became aware of his alleged injury resulting from the excessive force incident more than two years before filing this action.*

Generally, a plaintiff's § 1983 claim is subject to the statute of limitations governing tort claims in the state where the district court sits—here, Texas. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). "[T]herefore, the applicable limitations period is the two years fixed by" Texas Civil Practice and Remedies Code § 16.003. *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987). "The same statute of limitations that applies to § 1983 claims brought against individuals also applies to [municipal liability] claims," e.g., for failure to adequately train. *Lander v. JPMorgan Chase Bank Nat'l Ass'n*, No. 4:21-CV-00353-ALM-CAN, 2022 WL 838376, at *5 (E.D. Tex. Feb. 24, 2022) (citation omitted), *R. & R. adopted by* 2022 WL 829330 (E.D. Tex. Mar. 18, 2022).[7] Because Ramirez has filed suit in Texas, he has two years from the date he learns of facts giving rise to his § 1983 claims to pursue

---

[7] The Court liberally construes Ramirez's allegation against Sheriff Rowe and/or Lubbock County as raising a municipal liability claim. *See* Compl. II 2; Compl. I 1, 3. To the extent his claim constitutes one for vicarious liability, however, he has not stated a non-frivolous allegation. *See* Questionnaire 1 (alleging that Sheriff Rowe "is top chief in charge" and should therefore "accept liability & responsibility" for the May 14 incident); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.").

them in federal court. *Piotrowski*, 237 F.3d at 576; *Meyer v. Coffey*, 231 F. Supp. 3d 137, 145–46 (N.D. Tex. 2017); *see* TEX. CIV. PRAC. & REM. CODE § 16.003.

Having determined the applicable limitations period, the Court must next determine when Ramirez's claims accrued. This determination is made in accordance with federal law. *Piotrowski*, 237 F.3d at 576. "[T]he limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id.* (internal quotation marks, brackets, and citation omitted); *see Shelby v. City of El Paso*, 577 F. App'x 327, 331–32 (5th Cir. 2014) (per curiam) ("The standard in § 1983 actions provides 'that the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" (citation omitted)). "A plaintiff need not know that []he has a legal cause of action; []he need know only the facts that would ultimately support a claim." *Piotrowski*, 237 F.3d at 576.

Ramirez contends that Officer Garcia used excessive force on May 14, 2020. Questionnaire 2; Compl. II 1. Ramirez's claim against Sheriff Rowe also stems from this incident. *See* Questionnaire 1; Compl. II 2. Based on his allegations, Ramirez was aware of facts that could "ultimately support" claims of excessive force and failure to train on the day of the incident—May 14. *Piotrowski*, 237 F.3d at 576; *see Morrill v. City of Denton*, 693 F. App'x 304, 306 (5th Cir. 2017) (per curiam) ("An excessive force claim generally accrues on the date when the force is inflicted."); *Humphreys v. City of Ganado*, 467 F. App'x 252, 256 n.3 (5th Cir. 2012) (per curiam) (applying two-year limitations period to *Monell* claims where plaintiff had not argued the claims "should be treated differently than the accrual of his claims against the individual officers"). Indeed, Ramirez avers that on May 14 LCDC officials transported him to the hospital "to reconnect the gaping wound" to his left temple. Compl. II 2 (cleaned up); *see* Compl. I 4.

This means Ramirez would have needed to file his lawsuit no later than May 16, 2022—the first day after May 14 that "[wa]s not a Saturday, Sunday, or legal holiday." FED. R. CIV. P. 6(a)(1)(C). But Ramirez did not file his lawsuit until September 2, 2022, at the earliest (*see supra* note 4)—almost four months after the limitations period ran. *See* Compl. I 5, 10. Thus, Ramirez's § 1983 claims are time-barred unless the limitations period was tolled or extended. *See, e.g., Lander*, 2022 WL 838376, at *5 (recommending dismissal of plaintiff's constitutional and municipal liability claims as time-barred); *Worden v. Salvaggio*, No. SA-22-CV-00286-XR, 2022 WL 1913617, at *2–4 (W.D. Tex. June 3, 2022) (dismissing as time-barred plaintiff's § 1983 claims, including violations of his First, Fourth, and Fourteenth Amendment rights, as well as a municipal liability claim).

> 2. *Ramirez has not pleaded facts showing the limitations period was tolled or otherwise extended.*

Texas law provides that a court may toll the limitations period "[i]f a person entitled to bring a personal action is under a legal disability when the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.001(b). A court may also toll the limitations period "when strict application of the statute of limitations would be inequitable"—i.e., equitable tolling. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995); *see McElvy v. Sw. Corr., LLC*, No. 3:19-CV-1264-N, 2022 WL 3567182, at *2 (N.D. Tex. Aug. 17, 2022) ("The statute of limitations may be tolled due to disability, fraudulent concealment, or the discovery rule.").

The Court informed Ramirez that it appeared his claims are time-barred and provided him an opportunity to explain whether he believed the period should be tolled for any reason. Questionnaire 2. He denied that his claims should be tolled. *Id.* Despite his denial, Ramirez included an insert in Complaint I that states, "COVID was the reason for delay." Compl. I 10 (cleaned up). In its questionnaire, the Court asked Ramirez to explain what he meant by this

7

statement. Questionnaire 2. Ramirez responded, "It is common knowledge that COVID-19 put a stretch [and] delay on our court systems b/c of all the cancellations & postponements of court proceedings, etc." *Id.* Stated differently, Ramirez contends that the Court should toll the limitations period because the COVID-19 pandemic caused delays in court proceedings. *See id.* Construed liberally, the Court understands Ramirez as advancing an argument that the limitations period should be equitably tolled.[8]

"Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Balle v. Nueces Cnty.*, 952 F.3d 552, 558 (5th Cir. 2017) (alteration and citation omitted). "Traditional equitable principles preclude a court from invoking equitable tolling, however, when the party seeking relief has an adequate legal or statutory remedy to avoid the consequences of the statute of limitations." *Id.* (citation omitted). The party seeking relief bears "the burden of showing that equitable tolling is warranted." *Martinez v. Hidalgo Cnty.*, 727 F. App'x 77, 78 (5th Cir. 2018) (per curiam).

The undersigned concludes that the COVID-19 pandemic does not warrant equitable tolling. Courts have concluded that the existence of the COVID-19 pandemic, standing alone, does not necessitate tolling. *See, e.g., Noles v. Dial*, No. 3:20-CV-3677-N-BK, 2023 WL 2576435, at *3 (N.D. Tex. Mar. 1, 2023) (finding, *inter alia*, that "the ongoing COVID-19 pandemic" did "not warrant equitable tolling" and therefore recommending dismissal of plaintiff's § 1983 complaint, which he filed "two days after the two-year statute of limitations"), *R. & R. adopted by* 2023 WL 2574037 (N.D. Tex. Mar. 20, 2023); *Jones v. Lamar Cnty.*, No. 4:21-CV-00156-SDJ-

---

[8] Based on Ramirez's questionnaire responses, the undersigned concludes this is the only possible basis for tolling that he advances. *See* Questionnaire 2.

CAN, 2022 WL 17175071, at *15 (E.D. Tex. Sept. 9, 2022) (concluding plaintiff had not met his burden of showing that the limitations period should be equitably tolled due to the COVID-19 pandemic), *R. & R. adopted by* 2022 WL 17170943 (E.D. Tex. Nov. 22, 2022). Moreover, Ramirez does not contend that he tried to file his complaint but was unable due to the pandemic (*see* Questionnaire 2), which further counsels against application of equitable tolling. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (explaining that courts "have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights"); *Crostley v. Lamar Cnty.*, 717 F.3d 410, 421 (5th Cir. 2013) (providing that equitable tolling applies where the plaintiff diligently pursued his rights but "some extraordinary circumstance . . . prevented timely filing" (citation omitted)).

Finally, because Ramirez generally references the court system and the pandemic, the undersigned has considered whether the Texas Supreme Court's emergency orders related to the COVID-19 pandemic supply a basis for tolling or extending the limitations period.[9] They do not.

The emergency orders altered, among other things, the filing and service deadlines of certain cases. *See, e.g., Twenty-First Emergency Order Regarding the COVID-19 State of Disaster*, 609 S.W.3d 128, 129 (Tex. 2020). "The last [e]mergency [o]rder to extend the deadline for the filing of civil cases, the Twenty-First Emergency Order, provides that '[a]ny deadline for the filing or service of any civil case that falls on a day between March 13, 2020, and September 1, 2020, is extended until September 15, 2020." *Curry v. Valentin*, No. 22-20450, 2023 WL 1267253, at *2 (5th Cir. Jan. 31, 2023) (quoting *Twenty-First Emergency Order Regarding the COVID-19 State of Disaster*, 609 S.W.3d at 129). That is, the emergency orders bumped the filing/service deadlines of certain civil cases where those deadlines fell between March 13 and

---

[9] The Court assumes, without deciding, that the Texas court's emergency orders would apply to this proceeding in federal district court.

9

September 15, 2020. *See, e.g., Curry v. Valentin*, No. 4:21-cv-02800, 2022 WL 3903115, at *4 (S.D. Tex. July 11, 2022), *R. & R. adopted by* 2022 WL 3903135 (S.D. Tex. Aug. 2, 2022), *aff'd*, 2023 WL 1267253 (5th Cir. Jan. 31, 2023).

Here, Ramirez's *filing deadline* (May 16, 2022) did not fall within the applicable emergency order time period (March 13 through September 15, 2020). Thus, the two-year limitations period is not subject to extension based on those orders. *See Curry*, 2023 WL 1267253, at *2 ("Because the filing deadline for [p]laintiffs' action did not fall [within emergency order's time period], the two-year statute of limitations was not subject to extension."); *Phillips v. Cero's L.L.C.*, No. 22-10617, 2022 WL 16956798, at *2 (5th Cir. Nov. 16, 2022) ("Because the filing and service deadlines for [plaintiff's] claims . . . do not fall within the [emergency] order's listed dates . . . , the tolling provision does not apply to [plaintiff's] claims."); *Phillips v. City of Baytown*, No. 4:22-CV-2197, 2023 WL 4163062, at *8 (S.D. Tex. Mar. 3, 2023) (concluding plaintiffs' claims were time-barred because their filing deadline fell outside the March 13 to September 15, 2020 timeframe).

In sum, Ramirez was aware of the claimed injury forming the basis of his claims on May 14, 2020, but he filed his complaint almost four months after the two-year limitations period expired. Moreover, he failed to meet his burden of demonstrating a basis for tolling. The undersigned therefore recommends dismissal of his claims. *See, e.g., Campos v. City of Natchitoches*, 795 F. App'x 933, 935 (5th Cir. 2020) (per curiam) (affirming dismissal of plaintiff's § 1983 claims as barred by statute of limitations, where plaintiff filed complaint one day late); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (per curiam) ("[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" under § 1915.).

### III. Recommendation

Ramirez filed his claims almost four months past the two-year limitations period, and he has supplied no basis for tolling. The undersigned therefore recommends that the United States District Judge dismiss with prejudice Ramirez's claims as barred by the statute of limitations.

### IV. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: July 31, 2023.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE